UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| QUADREE SUNI EL AMIN,<br><br>   Petitioner,<br><br>  v.<br><br>W.L. MONTGOMERY, Warden,<br><br>   Respondent. | No. CV 15-4293-JVS (PLA)<br><br>**ORDER TO SHOW CAUSE RE: DISMISSAL OF HABEAS PETITION AS BARRED BY THE EXPIRATION OF THE STATUTE OF LIMITATIONS** |

**I.**

**BACKGROUND**

  Quadree Suni El Amin ("petitioner") initiated this action on June 8, 2015, by filing a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition" or "Pet."). The Petition challenges his March 10, 1999, conviction in case number TA05793, of attempted murder and discharge of a firearm, pursuant to a plea of nolo contendere, in the Los Angeles County Superior Court. (Pet. at 2).[1]

  Petitioner alleges two grounds for relief: (1) pursuant to the Supreme Court's holding in Cunningham v. California, 549 U.S. 270, 127 S. Ct. 856, 166 L. Ed. 2d 856 (2007), he was denied

---

 [1] For ease of reference, the Court uses the ECF-generated page numbers when referring to the pages of the Petition, its attachments, and exhibits.

his right to due process by imposition of the upper term for the gun enhancement (Pet. at 6-14); and (2) defense counsel rendered ineffective assistance by failing to file a notice of appeal despite orally representing to petitioner after the plea hearing that he would do so.  (Pet. at 15-22).

## II.

## DISCUSSION

The instant Petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") one-year statute of limitations, as set forth under 28 U.S.C. § 2244(d).  See Calderon v. U.S. Dist. Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997).[2]  In most cases, the limitation period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

As stated above, petitioner was convicted pursuant to a plea of nolo contendre on March 10, 1999.  (Pet. at 2).  In California, a defendant who enters a plea of nolo contendre has sixty days to appeal a conviction, provided certain conditions are met.  See Cal. Penal Code § 1237.5; Cal. R. Ct. 8.308(a).  Because petitioner did not appeal his conviction, his judgment became final on May 9, 1999, at the expiration of the sixty-day period.  The AEDPA statute of limitations expired one year later, on May 9, 2000.  Petitioner constructively filed[3] the instant Petition on June 1, 2015.  (Dkt. No. 1 at 21).  Even assuming the truth of petitioner's allegation that counsel told him after the plea hearing that he would file a notice of appeal on petitioner's behalf, that conversation occurred in 1999 and petitioner provides no justification for his delay of over sixteen years in raising this claim.  Additionally, even assuming, without deciding, that petitioner is entitled to a later

---

[2]  Beeler was overruled on other grounds in Calderon v. U.S. Dist. Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

[3]  Under the "mailbox rule," a court will deem a petition constructively "filed" on the date the prisoner gives prison authorities the petition to mail to court.  See Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001) (holding that a prisoner's federal or state habeas petition is deemed "filed at the time [he] deliver[s] it to the prison authorities for forwarding to the court clerk") (citation and internal quotation marks omitted).  The Court used the date that petitioner signed the proof of service as the constructive filing date.  (Pet. at 28).

start to the statute of limitations based on the date the Supreme Court decided <u>Cunningham</u> in 2007, petitioner has provided no reason for his delay of over eight years in raising this claim.

On its face, therefore, it appears that the instant Petition is barred by the statute of limitations.

Based on the foregoing, petitioner is **ordered to show cause** why the instant Petition should not be dismissed as time barred.

Specifically, **no later than July 10, 2015**, petitioner must submit to the Court a response to this Order to Show Cause making clear his arguments, if any, as to why the Petition should not be dismissed as time barred. All facts relied upon by petitioner must be proved by testimony contained in a declaration or declarations signed under penalty of perjury pursuant to 28 U.S.C. § 1746, or in properly authenticated documents.

**Failure to respond by July 10, 2015, will result in the instant Petition being summarily dismissed with prejudice as barred by the statute of limitations**.

DATED: June 12, 2015

                                               PAUL L. ABRAMS
                                     UNITED STATES MAGISTRATE JUDGE