**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | | |
|---|---|---|
| QUADREE SUNI EL AMIN, | ) | No. CV 15-4293-JVS (PLA) |
| Petitioner, | ) | |
| v. | ) | **ORDER DISMISSING PETITION** |
| W. L. MONTGOMERY, | ) | |
| Respondent. | ) | |

On June 8, 2015, petitioner filed a Petition for Writ of Habeas Corpus By a Person in State Custody pursuant to 28 U.S.C. § 2254, in which he challenges his 1999 conviction in the Los Angeles County Superior Court. On June 12, 2015, the Magistrate Judge issued an Order to Show Cause Re: Dismissal of Habeas Petition as Barred by the Expiration of the Statute of Limitations. On July 13, 2015, petitioner filed his response to the OSC ("Response").

For the reasons explained below, the Court concludes that the Petition is time barred.

/

/

/

/

# I.

## PROCEDURAL HISTORY

On March 10, 1999, in the Los Angeles County Superior Court, petitioner was convicted of attempted murder (Cal. Penal Code §§ 664/187) and a firearm enhancement (Cal. Penal Code § 12022.5(a)(1)) pursuant to a plea of nolo contendere. (Petition at 2). Petitioner was sentenced to twenty-two years in state prison. (Id.). He did not file a direct appeal. (Petition at 2).

More than fifteen years later, on August 19, 2014, petitioner filed a habeas petition in the Los Angeles County Superior Court. The superior court denied the petition that same day. (Lodgment Nos. 5, 6[1]). On October 14, 2014, petitioner filed a habeas petition in the California Court of Appeal, which was denied on November 5, 2014. (Lodgment Nos. 1, 2). On December 31, 2014, petitioner filed a habeas petition in the California Supreme Court, which was denied on March 18, 2015. (Lodgment Nos. 3, 4).

On June 8, 2015, petitioner filed the instant Petition, in which he sets forth two grounds for relief: (1) Ground One: petitioner's upper term sentence violated his rights under the Sixth Amendment pursuant to Cunningham v. California, 549 U.S. 270, 127 S.Ct. 856, 166 L.Ed.2d 856 (2007)[2] (see Petition at 6-14); and (2) Ground Two: petitioner's counsel was ineffective for failing to file a direct appeal in 1999 (see Petition at 15-22).

/
/
/

---

[1] On August 28, 2015, and September 10, 2105, pursuant to the Magistrate Judge's order, respondent lodged copies of petitioner's state habeas petitions. (Docket Nos. 11, 12).

[2] In Cunningham v. California, 549 U.S. 270, 127 S.Ct. 856, 166 L.Ed.2d 856 (2007), the Supreme Court held that California's determinate sentencing law in effect at that time violated the Sixth Amendment because it authorized the judge, and not the jury, to find aggravating factors permitting an upper term sentence. In reaching this decision, the Cunningham Court applied the rule set forth in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), that, for Sixth Amendment purposes, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt.

**II.**

**DISCUSSION**

The Petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") one-year statute of limitations, as set forth under 28 U.S.C. § 2244(d). See Calderon v. U.S. Dist. Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997).[3]

Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

As stated above, petitioner was convicted pursuant to a plea of nolo contendere on March 10, 1999. (Petition at 2). In California, a defendant who enters a plea of nolo contendere has sixty days to appeal a conviction, provided certain conditions are met. See Cal. Penal Code § 1237.5; Cal. R. Ct. 8.308(a). Because the sixty-day deadline fell on Sunday, May 9, 1999, the deadline was extended to Monday, May 10, 1999. (See Cal. Code Civ. Proc. §§ 12, 12a, 12b; see also Fed.R.Civ.P. 6(a)). Since petitioner did not file a direct appeal, his conviction became final on May 10, 1999, and the AEDPA statute of limitations expired one year later, on May 10, 2000.

---

[3] Beeler was overruled on other grounds in Calderon v. U.S. Dist. Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

Petitioner filed the instant Petition on June 8, 2015 -- over fifteen years after the AEDPA deadline expired. Even assuming that petitioner is entitled to a later start of the statute of limitations pursuant to 28 U.S.C. § 2244(d)(1)(C) based on the date the Supreme Court decided Cunningham in January 2007 (see Ground One), the AEDPA deadline would have expired in January 2008, and the Petition would still be late by over eight years absent any statutory or equitable tolling.

### A.    Statutory Tolling

The running of the AEDPA is "statutorily tolled" while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). This provision tolls the statute for the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application.

Here, petitioner did not file any collateral challenges in state court prior to the expiration of the statute of limitations on May 10, 2000. Even if the Court assumes that the one-year period started in January 2007 -- after Cunningham was issued -- and expired one year later in January 2008, petitioner still failed to file any collateral challenges in state court during that period. Accordingly, none of petitioner's state filings -- all filed during 2014 -- serves to toll, or reinitiate, the limitations period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit reinitiation of the limitations period that has ended before the state petition was filed"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001) (state habeas petition filed after the statute of limitations ended "resulted in an absolute time bar").

### B.    Equitable Tolling

The AEDPA statute of limitations is subject to equitable tolling in appropriate cases. Holland v. Florida, 560 U.S. 631, 645, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010). In order to qualify, a petitioner must demonstrate (1) that he has been pursuing his rights diligently, and (2) that an "extraordinary circumstance" stood in his way that prevented him from timely filing. Id. at 649 (citing Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)). The "extraordinary circumstance" requirement "suggests that an external force must cause the

untimeliness, rather than . . . merely oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling." Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) (quoting Harris v. Carter, 515 F.3d 1051, 1055 (9th Cir. 2008)) (internal quotation marks omitted). "The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances made it impossible to file a petition on time." Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009) (internal quotations, brackets, and citations omitted).

Equitable tolling determinations are "highly fact-dependent." Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000) (per curiam). A litigant bears a heavy burden to establish that equitable tolling applies, as "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002).

Petitioner in his Response to the OSC asserts that he should be excused for the late filing of his Petition because: (1) his attorney who represented him during the plea proceedings stated that he would file a notice of appeal, but never did; and (2) petitioner has experienced difficulty accessing the law library, and during a prison transfer he lost his paperwork. (See petitioner's Declaration, attached to Response ("Pet. Decl.")).

First, the Court considers petitioner's assertion that his attorney's failure to file a notice of appeal resulted in his untimely federal habeas filing. According to petitioner, despite his attorney's promise to appeal his conviction, no direct appeal was ever filed. Petitioner relied on his attorney's promise, however, and throughout the years unsuccessfully attempted to communicate with his attorney about the status of the appeal. (Pet. Decl.). Petitioner's assertion of attorney misconduct is not sufficient to warrant equitable tolling. A review of the Petition shows that petitioner's primary claim concerns sentencing error based on the Supreme Court's decision in Cunningham, which was not issued until 2007.[4] Even if petitioner's attorney had filed a timely notice of appeal in 1999,

---

[4] In the Petition, petitioner asserts two grounds for relief, his Cunningham claim and a claim of ineffective assistance of counsel for failure to file the appeal. It appears from the Petition and Response to the OSC that petitioner contends his attorney rendered ineffective

5

the appeal would not have alleged the same sentencing error that petitioner presently alleges, i.e., that his upper term sentence violates Cunningham. Thus, his attorney's inaction regarding the appeal had no bearing on his ability to file the instant Petition. In other words, petitioner has not shown any causal connection between the failure to file an appeal and the untimely filing in this Court. See, e.g., Randle v. Crawford, 604 F.3d 1047, 1055 (9th Cir. 2010) (no equitable tolling where petitioner's attorney's failure to perfect an appeal did not prevent petitioner from filing a federal habeas action). Accordingly, no equitable tolling is warranted as petitioner has not demonstrated that his attorney's alleged misconduct was the proximate cause of the untimely filing. See Spitsyn v. Moore, 345 F.3d 796, 800 (9th Cir. 2003).

In any event, petitioner has not demonstrated reasonable diligence in pursuing habeas relief. Doe v. Busby, 661 F.3d 1001, 1013 (9th Cir. 2011) (to determine diligence, courts consider the petitioner's overall level of care and caution in light of the particular circumstances). Petitioner entered his plea in 1999. Although he believed that his appeal had been promptly filed, he apparently made no attempt to contact any state court to ascertain the status of his case when his attempts to contact his attorney were unsuccessful. Nor did he attempt to telephone his attorney to discuss his case or otherwise receive assurances that his attorney was in fact actively working on his case. See, e.g., Doe, 661 F.3d at 1009, 1013-15 (granting equitable tolling when the petitioner, after paying $20,000 to his attorney to represent him in federal court for habeas purposes, "wrote numerous letters and made scores of phone calls from prison to remind his attorney of the deadline, and received assurances from the attorney that the petition would be filed"). Although it is not clear the exact date when petitioner became aware that his appeal was not filed, it is apparent that had he acted with reasonable diligence he could have obtained that information years before 2014, when he filed his first petition in state court. See Pace, 544 U.S. at 419 ("petitioner's lack of diligence precludes equity's operation"); Covey v. Arkansas River Co.,

---

assistance warranting habeas relief based solely on the fact that he did not follow through on his promise to file the appeal. Petitioner does not explain how he was prejudiced by the failure to file the appeal, as he does not set forth any description of what claim or claims he was prevented from pursuing at that time.

6

865 F.2d 660, 662 (5th Cir. 1989) ("It is a common maxim that equity is not intended for those who sleep on their rights.").

Petitioner also contends that equitable tolling is warranted because his access to the law library was restricted based on prison lockdowns. Such limitations, however, are common to most prisons and are an expected, albeit inconvenient, aspect of incarceration. See Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009) ("Ordinary prison limitations on [a prisoner's] access to the law library and copier . . . were neither 'extraordinary' nor made it 'impossible' for him to file his petition in a timely manner. Given even the most common day-to-day security restrictions in prison, concluding otherwise would permit the exception to swallow the rule[.]"); Adams v. Clark, 2010 WL 3245333, at *4 (E.D. Cal. Aug. 17, 2010) ("Unpredictable lockdowns or library closures do not constitute extraordinary circumstances warranting equitable tolling.") (citations omitted). Additionally, petitioner's contention that, during one prison transfer, he lost his paperwork does not qualify his case for equitable tolling. Under the circumstances here -- where the Petition was filed fifteen years after the AEDPA deadline expired -- petitioner cannot show that the lost paperwork during one transfer, as opposed to his lack of diligence, was the reason why his Petition was filed so many years late.

Nor does petitioner's pro se status and lack of knowledge of the law regarding the filing deadline amount to an "extraordinary circumstance" justifying equitable relief. "[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); see also Allen v. Yukins, 366 F.3d 396, 403 (6th Cir. 2004) ("[T]his court has repeatedly held that ignorance of the law alone is not sufficient to warrant equitable tolling.") (quotation marks and citation omitted); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.") (quotation marks and citation omitted).

For these reasons, the Court concludes that the Petition is barred by the statute of limitations.

## III.

## **CERTIFICATE OF APPEALABILITY**

Under Rule 11(a) of the Rules Governing § 2254 Cases, a court must grant or deny a certificate of appealability ("COA") when it denies a state habeas petition. See also 28 U.S.C. § 2253(c).

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a COA. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A COA may issue "only if . . . [there is] a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (citation omitted); see also Sassounian v. Roe, 230 F.3d 1097, 1101 (9th Cir. 2000). In particular, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when . . . jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

The Court concludes that, for the reasons set out supra, jurists of reason would not find the Court's determination that the Petition is untimely debatable or wrong. Accordingly, a certificate of appealability is **denied**. Petitioner is advised that he may not appeal the denial of a COA, but he may ask the Ninth Circuit Court of Appeals to issue a COA under Rule 22 of the Federal Rules of Appellate Procedure. See Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

/

/

## IV.

## **ORDER**

1       IT IS THEREFORE ORDERED that the Petition is **dismissed with prejudice** as untimely.

2 A certificate of appealability is also denied.

4 DATED: September 21, 2015

                                          HONORABLE JAMES V. SELNA
                                          UNITED STATES DISTRICT JUDGE